UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTONIO FONSECA CASTILLO,

                Petitioner,

    v.

JOSEPH E. FREDEN, in his official capacity
as ICE Deputy Field Office Director,

                Respondent.
_____

Case No.: 6:25-cv-6453

**VERIFIED PEITITON FOR A WRIT OF HABEAS CORPUS**

## INTRODUCTION

1. Petitioner ANTONIO FONSECA CASTILLO (A241-074-188) seeks relief from his prolonged detention without having an opportunity to have that detention reviewed.

2. Respondent Joseph Freden is detaining Mr. Fonseca Castillo under 8 U.S.C. § 1226(c), which requires mandatory detention of certain non-citizens convicted of certain crimes.

3. Mr. Fonseca Castillo has been detained by Respondent and/or his predecessors for over 12 months under 8 U.S.C. § 1226(c).

4. Because Mr. Fonseca Castillo is detained under 8 U.S.C. § 1226(c), an Immigration Judge ("IJ") held that he did not have jurisdiction to determine if Mr. Fonseca Castillo was eligible for bond.

5. This prolonged detention violates his procedural due process rights under the Fifth Amendment of the U.S. Constitution.

6. For these reasons, Mr. Fonseca Castillo requests that this Court issue an order finding that Mr. Fonseca Castillo's procedural due process rights have been violated and order the Respondent to present Mr. Fonseca Castillo before an IJ for a bond hearing.

**CUSTODY**

7. At the time of the filing of this petition, Mr. Fonseca Castillo is physically detained at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, a facility operated by Immigration and Customs Enforcement ("ICE"), an agency within the U.S. Department of Homeland Security ("DHS"). Mr. Fonseca Castillo is in the physical custody of Respondent Joseph E. Freden, the Deputy Field Office Director for ICE, who is the senior official at the BFDF. Mr. Freden and his agents have direct control of Mr. Fonseca Castillo.

**JURISDICTION**

8. This action arises under the United States Constitution and the ("INA"), 8 U.S.C. § 1101 et. seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570. This Court has jurisdiction under 28 U.S.C. § 2241, art. I, § 9, cl. 2 of the United States Constitution ("Suspension Clause") and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of authority of the United States and such custody is in violation of the U.S. Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, and the All Writs Act, 28 U.S.C. § 1651.

**VENUE**

9. Venue lies in the United States District Court for the Western District of New York, the judicial district in which Respondent Joseph Freden resides, where Petitioner is detained, and where a substantial part of the events or omissions giving rise to this claim occurred. 28 U.S.C. § 1391(e).

**PARTIES**

10. Mr. Fonseca Castillo is a national and citizen of Mexico and is currently detained by the Respondent at the BFDF in Batavia, New York.

2

11. Upon information and belief, Respondent, Joseph E. Freden, is the ICE Deputy Field Office Director and is the senior ICE officer in charge of the BFDF in Batavia, New York. He is Mr. Fonseca Castillo's immediate custodian, and, upon information and belief, resides in the Western District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Mr. Fonseca Castillo is not required to exhaust his administrative remedies to bring this petition. But to the extent that he is required to exhaust his administrative remedies, he has done so, and his only remedy is by way of this judicial action.

## STATEMENT OF FACTS

13. Mr. Fonseca Castillo is a citizen and national of Mexico. He originally entered the United States without inspection in or about 2006.

14. On February 17, 2024, he was arrested and charged with Alien Transportation.

15. On or about February 18, 2024, the Department of Homeland Security issued Mr. Fonseca Castillo a Notice to Appear for him to appear in immigration court.

16. On or about August 7, 2024, Mr. Fonseca Castillo pled guilty to the charges, and the court sentenced him to time served.

17. Upon information and belief, on or about August 9, 2024, he was transferred to ICE custody and was moved to BFDF.

18. In immigration proceedings, Mr. Fonseca Castillo filed an application requesting statutory withholding of removal and protection under the Convention Against Torture.

19. On or about October 30, 2025, Mr. Fonseca Castillo had his first hearing with an attorney in front of an IJ. The IJ granted him a continuance for attorney preparation.

20. On or about November 27, 2025, Mr. Fonseca Castillo's attorney objected to certain discrepancies in the Notice to Appear. The IJ agreed and ordered ICE to reissue the NTA.

21. On or about December 11, 2025, Mr. Fonseca Castillo entered pleadings on the new Notice to Appear. The IJ ordered that any applications be due on January 7, 2025, and the IJ set a new court date of January 8, 2025.

22. On or about January 8, 2025, the IJ scheduled Mr. Fonseca Castillo's individual hearing for February 25, 2025.

23. On February 25, 2025, Mr. Fonseca Castillo had his individual hearing, but the hearing did not conclude. The IJ ordered that the hearing continue on April 22, 2025.

24. On or about March 7, 2025, an IJ found that Mr. Fonseca Castillo was detained under 8 U.S.C. § 1226(c), and, therefore, the IJ had no jurisdiction to grant bond. Mr. Fonseca Castillo subsequently appealed this decision.

25. On or about April 21, 2025, the immigration court rescheduled the hearing for June 26, 2025, without specifying a reason.

26. On June 26, 2026, the individual hearing concluded, and the IJ ordered removal.

27. On or about July 23, 2025, Mr. Fonseca Castillo filed a notice of appeal with the Board of Immigration Appeals (the "Board").  As of the filing of this petition, the BIA has not issued a briefing schedule.

28. On or about July 25, 2025, the Board of Immigration Appeals (the "Board") denied Mr. Fonseca Castillo's appeal of the bond decision.

## ARGUMENT

I. **MR. FONSECA CASTILLO HAS EXPERIENCED PROLONGED DETENTION BECAUSE ICE HAS DETAINED HIM FOR APPROXIMATELY 13 MONTHS UNDER 8 U.S.C. § 1226(c).**

29. On March 7, 2025, the IJ concluded, and the Board later affirmed, that Mr. Fonseca Castillo is detained under 8 U.S.C. § 1226(c).

30. In *Black v. Decker*, the Court upheld a U.S. District Court's order granting a petition for a writ of habeas corpus and related bond hearing for a noncitizen held for seven months under 8 U.S.C. § 1226(c) and was, therefore, ineligible for a bond hearing. 103 F.4th 133, 137 (2d Cir. 2024).

31. ICE has detained Mr. Fonseca Castillo since August 9, 2024, which is approximately 13 months ago as of this filing.

32. Therefore, Mr. Fonseca Castillo has experienced prolonged detention by being detained nearly 13 months and, because he is detained under 8 U.S.C. §1226(c), has had no access to a bond hearing.

II. **MR. FONSECA CASTILLO'S PROLONGED DETENTION WITHOUT A BOND HEARING VIOLATES HIS PROCEDURAL DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION.**

33. Mr. Fonseca Castillo has been denied procedural due process because he has not had a detention hearing in 13 months. When considering the constitutionality of those detained under 8 U.S.C. § 1226(c) claiming prolonged detention, the Court of Appeals has held that the "Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing." *Black*, 103 F.4th at 145. In *Black*, the Court of Appeals applied the due process framework outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Id.* at 149-151. The framework consists of three factors: (1) "the private interest that will

5

be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 151 quoting *Mathews*, 424 U.S. at 335.

34. Under the first factor, the Court looks at the private interest that will be affected by the official action. Here, the private interest affected is Mr. Fonseca Castillo's freedom. He has served his criminal sentence. DHS has civilly detained him for approximately 13 months. He has not had a bond hearing where the IJ could have granted bond because he has had "no administrative mechanism by which [he] could have challenged [his] detention on the ground that it reached an unreasonable length." *Black*, 103 F.4th at 151. In addition, 13 months is considerably longer than the month and a half that 85 percent of those detained under § 1226(c) usually spend in detention. *See id*. For these reasons, the first *Mathews* factor heavily favors Mr. Fonseca Castillo.

35. Under the second factor, the Court looks at the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards. Here, "the almost nonexistent procedural protections in place for section 1226(c) detainees markedly increased the risk of an erroneous deprivation of [Mr. Fonseca Castillo's] private liberty interests." *Id.* at 152. The *Black* Court made two general observations with respect to this second factor. First, "the procedures used for section 1226(c) . . . include no mechanism for a detainee's release, nor for individualized review of the need for detention." *Id.* Second, the "broad reach means that many noncitizens are detained . . . who may have meritorious defenses to deportation at such time as they are able to present them." *Id.* (internal citations and quotations omitted). Here, Mr. Fonseca Castillo was arrested on a single charge of Alien

6

Transportation and, upon information and belief, spent approximately six months in jail. He has now spent approximately twice as long in immigration detention with no mechanism for challenging that detention. He has served his sentence. Additionally, his case is currently under appeal to the Board. For this reason, the second *Mathews* factor is at worst neutral for Mr. Fonseca Castillo.

36. Under the third factor, the Court looks at the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. The *Black* Court noted two legitimate and well-established primary interests in support of unlimited mandatory detention: "(1) ensuring the noncitizen's appearance at proceedings, and (2) protecting the community from noncitizens who have been involved in crimes that Congress has determined differentiate them from others." Black, 103 F.4th at 153. But, as the *Black* Court also noted, "the additional procedural safeguards we would allow here under *Mathews* do nothing to undercut those interests." *Id*. Any concerns about flight and/or danger would be addressed by an immigration judge on an individualized basis. *Id*. at 153-54. Furthermore, "while the government's legitimate interests justify a relatively short-term deprivation of liberty, the balance of interests shifts as the noncitizen's detention is prolonged without any particularized assessment of need." *Id*. at 154. For these reasons, the third *Mathews* factor is at worst neutral for Mr. Fonseca Castillo and favors the Government. But a bond hearing will not prejudice the Government.

37. In addition to the *Mathews* factors outlined in *Black*, Mr. Fonseca Castillo deserves a bond hearing based on the traditional due process factors recognized in the Second Circuit and Western District of New York for those detained under § 1226(c). Those non-exclusive factors are: (1) the length of time the petitioner has been detained; (2) the party responsible for the delay;

7

(3) whether the petitioner has asserted defenses to removal; (4) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (5) whether the detention facility is meaningfully different from a penal institution for criminal detention; (6) the nature of the crimes committed by the petitioner; and (7) whether the petitioner's detention is near conclusion. *Vazques v. Garland*, 2022 U.S. Dist. LEXIS 118893, at *5-6 (W.D.N.Y. July 6, 2022).

38. The first factor is considered the most important. *Id.* at *6. Courts in the Second Circuit "have generally been skeptical of prolonged detention of removable immigrants, without process, lasting over six months." *Id* (internal citations omitted). In addition, courts have found detention shorter than a year to be unreasonably prolonged as part of procedural due process analysis." *Id* (internal citations omitted). Here, Mr. Fonseca Castillo has been detained for nearly 13 months without a bond hearing. Therefore, this factor heavily favors Mr. Fonseca Castillo.

39. The second factor concerns responsibility for any delay. Mr. Fonseca Castillo has not engaged in any bad-faith delays. ICE detained Mr. Fonseca Castillo in August 2024. His individual hearing started in February 2024. But due to scheduling issues beyond his control, his hearing was postponed for an extended period of time. Mr. Fonseca Castillo is appealing the IJ's order to the Board, but this is his right under the Immigration and Nationality Act. Mr. Fonseca Castillo is not responsible for these delays. Therefore, this factor heavily favors Mr. Fonseca Castillo.

40. The third factor deals with defenses to removal. Mr. Fonseca Castillo has asserted defenses to his removal. Specifically, he asserts that he will be killed if returned to Mexico by the cartels and that the Mexican government will be powerless to protect him. While the IJ denied his application, this denial is on appeal. This factor is neutral. But even if this factor favored the Government, a bond hearing will in no way prejudice the Government.

41. The fourth factor compares the amount of time Mr. Fonseca Castillo was incarcerated due to his criminal activity with his time in ICE custody. Mr. Fonseca Castillo was in custody for Alien Transportation for approximately six months. Mr. Fonseca Castillo has now spent approximately twice that long in immigration detention. This factor strongly favors the Respondent.

42. The fifth factor looks at whether the detention facility is meaningfully different from a penal institution for criminal detention. As courts in this district have noted, the BFDF is "ultimately a detention facility that severely curtails the liberties of the individuals detained" there. *Vazques*, 2022 U.S. Dist. LEXIS 118893, at *9. This factor strongly favors Mr. Fonseca Castillo.

43. The sixth factor looks at the nature of Mr. Fonseca Castillo's criminal convictions(s). Mr. Fonseca Castillo was convicted of Alien Transportation. This is not a violent crime. And the court only sentenced him to six months in prison. This factor is neutral as to Mr. Fonseca Castillo. But even if this factor favored the Government, a bond hearing will in no way prejudice the Government.

44. The final factor looks at whether Mr. Fonseca Castillo's detention is near conclusion. Mr. Fonseca Castillo's appeal is still pending with the Board. The Board has not issued a scheduling order, and it is unclear when the Board will do so or when it will issue a decision. It is unclear when Mr. Fonseca Castillo will be released. Therefore, this factor favors Mr. Fonseca Castillo and is at worst neutral.

45. A majority of the factors, including the first factor, which is the most important, favor Mr. Fonseca Castillo.

46. For these reasons, Mr. Fonseca Castillo respectfully requests that the Court rule that his procedural due process rights under the Fifth Amendment of the U.S. Constitution have been violated due to prolonged detention without a bond hearing.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF THE PROCEDURAL DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION

47. Petitioner alleges and incorporates by reference paragraphs 1-46 above.

48. Petitioner's prolonged detention without a bond hearing violates his right to procedural due process rights guaranteed by the Fifth Amendment to the U.S. Constitution.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Issue an order directing Respondent to show cause why the writ should not be granted;

3. Issue an order holding that Respondent has violated Petitioner's procedural due process rights under the Fifth Amendment by prolonging his detention without a bond hearing;

4. Issue an order requiring the following:

    a. Respondent must present Mr. Fonseca Castillo before an IJ for a bond hearing within 14 days of this Court's order.

    b. The Government must show by clear and convincing evidence that Petitioner is a flight risk and/or a danger to persons or property;

    c. If the IJ finds that Petitioner is a flight risk and/or a danger to persons or property, the IJ must consider whether bond or alternatives to detention could mitigate that risk, and, if setting bond, Petitioner's ability to pay that bond.

    d. If the IJ finds that no amount of bond or alternatives to detention could mitigate that risk, the IJ must specifically make a finding to that effect.

y

5.       Award Petitioner costs and attorney's fees under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412; and

6.       Grant any other relief which this Court deems just and proper.

DATED:       September 3, 2025
                 Batavia, New York

Respectfully submitted,

       *s/ Aaron J. Aisen*
Aaron J. Aisen
*Attorney for Petitioner*
ECBA Volunteer Lawyers Project, Inc.
45 Ellicott Street, Suite 1
Batavia, New York 14020
Phone: (585) 524-1778
Fax: (585) 524-4552

## 28 U.S.C. § 2242 VERIFICATION STATEMENT

I submit this verification on behalf of Petitioner because I am one of Petitioner's attorneys. I have discussed the events described in the Petition with the Petitioner. Based on those discussions, I verify that the statements made in this Verified Petition for a Writ of Habeas Corpus are true and correct to the best of my knowledge.

DATED:  September 3, 2025
        Batavia, New York


                                              *s/ Aaron J. Aisen*
                                              Aaron J. Aisen
                                              *Attorney for Petitioner*
                                              ECBA Volunteer Lawyers Project, Inc.
                                              45 Ellicott Street, Suite 1
                                              Batavia, New York 14020
                                              Phone: (585) 524-1778
                                              Fax: (585) 524-4552

# CIVIL COVER SHEET

*(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **(a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **(b)** *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| **(c)** *(Firm Name, Address, and Telephone Number)* | *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐  ☐ *(U.S. Government Not a Party)*

☒  ☐ *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
|  | ☐ | ☐ | or | ☐ | ☐ |
|  | ☐ | ☐ | and | ☐ | ☐ |
|  | ☐ | ☐ |  | ☐ | ☐ |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
|  | PERSONAL INJURY / PERSONAL INJURY |  |  |  |
|  |  |  | INTELLECTUAL PROPERTY RIGHTS |  |
|  | PERSONAL PROPERTY | LABOR |  |  |
|  |  |  | SOCIAL SECURITY |  |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  |  |
|  |  | Habeas Corpus: ☒ |  |  |
|  |  |  | FEDERAL TAX SUITS |  |
|  |  | Other: |  |  |
|  |  | IMMIGRATION |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒  ☐  ☐  ☐  ☐  ☐  ☐

*(specify)*

**VI. CAUSE OF ACTION** *(Do not cite jurisdictional statutes unless diversity)*

**VII. REQUESTED IN COMPLAINT:** ☐ CLASS ACTION    DEMAND $    JURY DEMAND: ☐ ☒

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

**FOR OFFICE USE ONLY**