UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTONIO FONSECA CASTILLO,

    Petitioner,

v.

JOSEPH FREDEN, *in his official capacity as ICE Deputy Field Office Director*,

    Respondent.

25-CV-06453-MAV
DECISION & ORDER

---

## INTRODUCTION

Petitioner Antonio Fonseca Castillo, a citizen of Mexico, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 3, 2025, after having been detained by the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Facility ("BFDF") since August 2024. ECF No. 1 ¶ 10. Because Petitioner is detained under 8 U.S.C. § 1226(c), an Immigration Judge held that he did not have jurisdiction to hold a bond hearing. *Id.* ¶ 4. Petitioner maintains that his prolonged detention without a bond hearing violates his due process rights under the Fifth Amendment of the Constitution. *Id.* ¶ 5. For the reasons discussed below, the Court finds that under binding Second Circuit precedent, Petitioner is entitled to a bond hearing.

## BACKGROUND

Petitioner is a citizen of Mexico who entered the United States without inspection in 2006. *Id.* ¶ 13. On February 17, 2024, Petitioner was arrested and

1

charged with Alien Transportation; he was placed into removal proceedings the following day. *Id.* ¶ 14–15. *See also* ECF No. 5-2 at 4 (the Notice to Appear issued to Petitioner in September 2024 alleging that he was convicted of the offense of transporting aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(b)(i)). On August 7, 2024, Petitioner pled guilty to the charges against him, and was sentenced to time served. *Id.* ¶ 16. On August 9, he was transferred to ICE custody and moved to the BFDF. *Id.* ¶ 17.

After several appearances before an Immigration Judge ("IJ") regarding deficiencies in the original Notice to Appear, the IJ found in March 2025 that Petitioner was detained under 8 U.S.C. § 1226(c), and therefore that he had no jurisdiction to hear or grant Petitioner's application for bond. *Id.* ¶ 24. On June 26, 2025, the IJ ordered Petitioner removed, and his appeal to the Board of Immigration Appeals ("BIA") on the removal order remains pending. *Id.* ¶ 26–27. Petitioner also appealed the IJ's bond decision, and the BIA denied that appeal on July 25, 2025. *Id.* ¶ 28.

As of the date of the filing of this petition, Petitioner had been detained by ICE at BFDF for nearly 13 months. ECF No. 1.

## JURISDICTION

28 U.S.C. § 2241(c)(3) authorizes federal courts to grant habeas relief to prisoners or detainees who are "in custody in violation of the Constitution or laws or treaties of the United States." *See Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003). Federal courts retain jurisdiction under § 2241 to review purely legal statutory and

constitutional claims regarding the government's detention authority, but jurisdiction does not extend to "discretionary judgment," "action," or "decision" by the Attorney General with respect to either detention or removal.[1] *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (citing, *inter alia*, *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). No such discretionary judgments, actions, or decisions are at issue here. *See, e.g., Lieogo v. Freden*, No. 6:25-CV-06615 EAW, 2025 WL 3290694, at *2–5 (W.D.N.Y. Nov. 26, 2025) (rejecting the jurisdictional defenses raised by Respondents regarding a petition involving similar issues, and explaining why 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9) did not bar the district court's review of the petition).

## DISCUSSION

Petitioner alleges that his continued detention violates, *inter alia*, his right to procedural due process under the United States Constitution. *See* ECF 1 ¶¶ 33–46. He asks the Court for a bond hearing at which the government must show by clear and convincing evidence that Petitioner is a flight risk and/or a danger to persons or property. *Id.* In response, Respondents maintain that Petitioner is not entitled to a bond hearing because – despite the IJ's earlier finding that Petitioner is detained under 8 U.S.C. § 1226(c) – Petitioner is, "in fact" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 4-1 at 2. Respondents therefore ask the Court to dismiss the petition for failure to state a claim.

---

[1] For instance, 8 U.S.C. § 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." Additionally, judicial review of removal orders is available only through filing a "petition for review" in a Circuit Court pursuant to 8 U.S.C. § 1252.

Thus, to resolve the instant petition, the Court must first determine which statute governs Petitioner's detention, and – if it finds detention is governed by § 1226(c) – determine whether Petitioner is entitled to a bond hearing.

## I. The Statute Governing Petitioner's Detention

Respondents argue that Petitioner is "in fact" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he was never lawfully admitted to the United States, and therefore remains an "applicant for admission" under the statute. The Court disagrees.

Although the case involved a dispute regarding whether the petitioner was detained under § 1226(a) or § 1225(b)(2), the Court addressed the substance of Respondents' argument regarding § 1225(b)(2) in *Da Cunha v. Freden*, No. 25-CV-6532-MAV, 2025 WL 3280575 (W.D.N.Y. Nov. 25, 2025). In *Da Cunha*, we considered whether a petitioner who had been present in the country for a period of years, was not actively seeking lawful entry through inspection by an immigration officer, and was arrested under a warrant was detained under § 1225(b)(2) or §1226(a).

We prefaced our analysis by reciting the relevant language in the statutes. *Da Cunha*, 2025 WL 3280575 at *4. Section 1225(b)(2)(A) states, in pertinent part, that:

> in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title [i.e., removal proceedings].

Among other things, we found that because the petitioner was "already in the country" and had been for several years, and was arrested on his way to work in

4

Norwood, Massachusetts rather than while presenting for inspection to an immigration officer, the government had failed to demonstrate that the petitioner was "seeking admission" as required by 8 U.S.C. § 1225(b)(2)(A). *Da Cunha*, 2025 WL 3280575 at *6. Rather, we found that § 1226(a) applied because the petitioner was arrested on a warrant and was *"already in the country . . . ." Id.* (quoting *Jennings*, 583 U.S. at 289) (emphasis in the original).

Of course, § 1226(a) and § 1226(c) are different in important ways. Most obviously, whereas the Attorney General is granted discretion under § 1226(a) to continue to detain an alien arrested under that provision, or to release him on bond, § 1226(c) addresses the detention of criminal aliens and mandates that the Attorney General "shall take into custody" an alien who has committed any of the crimes identified in § 1226(c)(1). In other words, "§ 1226(c) makes clear that detention of aliens within its scope [i.e., criminal aliens] *must* continue 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) (quoting 8 U.S.C. § 1226) (emphasis added).

Nevertheless, the differences between § 1226(a) and § 1226(c) are not material to resolving the issue as to the statute governing Petitioner's detention here. To begin with, the Court finds that Respondents have failed to demonstrate that Petitioner was "seeking admission" as required under § 1225(b)(2). As in *Da Cunha*, the Petitioner in this case had been living in the United States for over a decade at the time of his detention, and there is no suggestion in the papers that he was arrested while actively "seeking admission." *See Da Cunha*, 2025 WL 3280575 at *4–6.

5

Furthermore, Respondents' disagreement with the IJ's determination that Petitioner is detained under § 1226(c) is not rooted in any articulated defect in the IJ's reasoning, but rather is based upon the premise that Petitioner's status as an "applicant for admission" gave Respondents the discretion to detain him under § 1225(b)(2). Indeed, neither Petitioner nor Respondents argue in this action that the IJ's determination that Petitioner was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i) for committing a crime of moral turpitude was improper.[2] *See* ECF No. 5-2 (charging Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)); ECF No. 5-4 (the BIA affirming the IJ's finding of inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)). Thus, Petitioner clearly falls within the scope of 8 U.S.C. § 1226(c)(1)(A), which applies to any alien who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title."

In short, because Respondents have failed to demonstrate Petitioner was "seeking admission" at the time of his detention under § 1225(b)(2), and because the IJ's determination that Petitioner was inadmissible under § 1182(a)(2)(A)(i) clearly places Petitioner with the scope of § 1226(c)(1)(A), the Court finds that Petitioner is detained under § 1226(c).

## II. Entitlement to a Bond Hearing

In *Jennings v. Rodriguez*, the Supreme Court held that the statute does not require—and in fact prohibits—the government from offering a noncitizen detained

---

[2] Nor is it clear that the parties could so argue in this forum. As noted above, 8 U.S.C. § 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to [judicial] review."

6

under § 1226(c) the opportunity to challenge the detention at a bond hearing. *Jennings*, 583 U.S. at 303. But the High Court declined to decide in that case whether the Constitution nonetheless requires that noncitizens held under § 1226(c) be afforded such an opportunity. *Id.* at 312.

"In *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024), the Second Circuit answered that question, holding that 'a noncitizen's constitutional right to due process precludes . . . unreasonably prolonged detention under section 1226(c) without a bond hearing.'" *J.M.H. v. Freden*, No. 24-CV-875-LJV, 2025 WL 81919, at *5 (W.D.N.Y. Jan. 13, 2025) (alteration in original) (quoting *Black*, 103 F.4th at 138). Further, it held that the three-factor balancing test of *Mathews v. Eldridge*, 424 U.S. 319 (1976), "supplies the proper framework for determining when and what additional procedural protections are due such a detainee." *Id.* (quoting *Black*, 103 F.4th at 138). The *Mathews* factors require assessment of (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Black*, 103 F.4th at 151 (quoting *Mathews*, 424 U.S. at 335).

Applying these factors to a noncitizen held under section 1226(c), the Second Circuit held that: (1) the petitioner's private liberty interests were "'seriously affected'" by a seven-month detention, which it described as "'prolonged'"; (2) there

7

were "'very few'" procedures available to noncitizens detained under section 1226(c), which increased the risk of "'erroneous deprivation'" to the petitioner's "'private liberty interests'"; and (3) the government's valid interests in ensuring a noncitizen's appearance at removal proceedings and in protecting the community from dangerous noncitizens could be adequately addressed through "'additional procedural safeguards.'" *Foster v. Brophy*, No. 24-CV-6728-FPG, 2025 WL 833192, at *1 (W.D.N.Y. Feb. 11, 2025) (quoting *Black*, 103 F.4th at 151–53).

The Second Circuit concluded that the petitioner was entitled to an "individualized bond hearing by an [immigration judge]." *Black*, 103 F.4th at 155. The Second Circuit also directed that, at the bond hearing, the burden must be placed on the government to justify continued detention "by clear and convincing evidence" and, with respect to a detainee's risk of flight, that the immigration judge must "consider both [the detainee's] ability to pay and any alternatives to detention" that would assure his appearance. *Id*.

Compared to the petitioner's seven-month detention in *Black v. Decker*, Petitioner's detention here under § 1226(c) is approaching – at the time of this order – seventeen months. Petitioner is entitled to a bond hearing consistent with binding Second Circuit precedent. Petitioner's § 2241 petition for habeas corpus is therefore granted to that extent, and Respondents' motion to dismiss is denied.

**ORDER**

IT IS HEREBY ORDERED that Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED insofar as Petitioner shall

receive an individualized bond hearing before an Immigration Judge pursuant to *Black v. Decker,* 103 F.4th 133 (2d Cir. 2024); and it is further

ORDERED that Respondents' motion to dismiss is denied; and it is further

ORDERED that within 10 days from the date of this Order, Respondents shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on his present risk of flight or danger to the community. Before the immigration judge may conclude that detention is justified based on a risk of flight, the immigration judge must consider Petitioner's ability to pay and alternative means of assuring his appearance; and it is further

ORDERED that if a bond hearing is not held within 10 days of the date of this Order, Respondents shall release Petitioner immediately with appropriate conditions of supervision; and it is hereby

ORDERED that within 17 days of the date of this Order, Respondents shall file a notice with this Court certifying that a bond hearing was held by the applicable deadline and the outcome thereof; and it is further

ORDERED that the Clerk of Court is directed to enter judgment for Petitioner and close this case.

SO ORDERED.

Dated:  January 30, 2026
        Rochester, New York

                                                    _____
                                                    HON. MEREDITH A. VACCA
                                                    United States District Judge

9